<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JEFF LICHTENSTEIN,

                Plaintiff,

v.

HUMANA DENTAL INSURANCE COMPANY,

                Defendant.

Civ. No. 08-3374 (DRD)

**O P I N I O N**

*Appearances by:*

JEFF LICHTENSTEIN
P.O. Box 655
Dover, NJ 07801
(973) 366-4889

    *Pro Se Plaintiff*

McCARTER & ENGLISH, LLP
Katie A. Gummer
100 Mulberry Street
Four Gateway Center
Newark, NJ 07102
(973) 622-4444

    *Attorneys for Defendant*

**DEBEVOISE, Senior District Judge**

Plaintiff Jeff Lichtenstein commenced this action on May 29, 2008 when he filed a summons and complaint with the Superior Court of New Jersey alleging that he was unfairly denied benefits due under an employee dental plan administered by Defendant Humana Dental Company ("Humana").  On July 7, 2008, Humana filed for removal to this Court on the grounds that the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, provides the exclusive remedy for Plaintiff's claim and federal district courts are granted original jurisdiction over all claims arising under that law.

Despite its previous acknowledgment that Plaintiff's claims "arise under federal law even if, as in this case, the ERISA-related nature of the action does not appear on the face of the [C]omplaint" (Def.'s Notice of Removal ¶ 6) Humana now argues that Plaintiff failed to state a federal claim and moves for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons set forth below, the motion to dismiss is hereby denied.

## I.  BACKGROUND

Plaintiff is an employee of Pavlov Media, Inc.  That company maintains an employee dental plan administered by Defendant.  Under the plan, Plaintiff is entitled to reimbursement for dental care up to a maximum of $2,000 per year.  All costs for "preventative services" such as routine cleaning and oral examinations are reimbursed, while "basic services" such as emergency exams, palliative care for pain relief, oral surgery, and endontics (root canals) are repaid at a rate of 80 percent after a $50 yearly deductible.  (Def.'s Br. in Supp. Mot. to Dismiss, Ex. A at 1.)

Plaintiff claims he endured pain and suffering as a result of Humana's negligent administration of the plan.  (Compl. ¶ 1.)  He alleges that Humana's actions rose to the level of

consumer fraud, and requests treble damages pursuant to the New Jersey Consumer Fraud Act ("NJCFA"). (Compl. ¶¶ 4,5.) Specifically, the Complaint states that:

> Plaintiff was referred to a contracted provider of the defendant name [sic] Lawrence Leff, DDS a member of the defendant's in-network. This contracted provider caused the Plaintiff to suffer three infections, and then abandoned the Plaintiff to complete the work.
>
> Defendants knowingly and voluntarily continued to inflict pain despite notice of numerous telephone calls and letters demanding that defendant charge back their provider Dr. Leff so Plaintiff could obtain [a] qualified provider for help to relieve the infection and pain with no cooperation by defendant.

(Compl. ¶¶ 2,3.)

## II. DISCUSSION

Humana correctly asserts that the negligence and NJCFA claims that appear on the face of the Complaint are state law causes of action "based on improper processing of a claim for benefits under an employee benefit plan," and therefore "undoubtedly meet the criteria for preemption under [ERISA] § 514(a)." Pilot-Life Ins. Co. v. Dedeaux, 481 U.S. 41, 48 (1987). However, the fact that Plaintiff's state law claims are pre-empted does not necessarily mean that the Complaint does not state a claim upon which relief can be granted. In order to decide whether Plaintiff states a claim, it is necessary to analyze the Complaint in light of the pleading standards governing Federal Rule of Civil Procedure 12(b)(6).

### A. Claim Pre-Emption

The plan at issue was established and maintained by Plaintiff's employer for the purpose of providing employees with dental care through the purchase of insurance administered by Humana. See (Def.'s Br. in Supp. Mot. to Dismiss, Ex. B.) As such, it falls squarely within ERISA's definition of "employee welfare benefit plan." 29 U.S.C. § 1002(1); see also United

3

States v. Coyle, 63 F.3d 1239, 1247 (3d Cir. 1995) (holding that a company administering a vision and dental care benefit plan was subject to ERISA requirements). Plaintiff's claims, although couched in terms of negligence and consumer fraud, are aimed at recovering benefits and enforcing his rights under the terms of the plan. See (Def.'s Br. in Supp. Mot. to Dismiss, Ex. C.) Therefore, those claims are pre-empted. 29 U.S.C. § 1144(a); Aetna Health Inc. v. Davila, 542 U.S. 200, 209 ("[A]ny state law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make ERISA the exclusive remedy and is therefore pre-empted.").

The fact that ERISA pre-empts Plaintiff's state law causes of action does not require this Court to dismiss pursuant to Rule 12(b)(6). To the contrary, as long as the Complaint alleges facts sufficient to satisfy the federal pleading standard, Plaintiff may be eligible for relief under ERISA's civil enforcement provision, § 502(a), 11 U.S.C. § 1132(a). See Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 64-67 (1987) (holding that state causes of action that fall within the scope of ERISA § 502(a) are recharacterized as federal claims for relief under that section). Furthermore, the fact that Plaintiff requests treble damages, a form of relief that is unavailable under ERISA § 502(a), has no bearing on whether the complaint states a federal claim. Wood v. Prudential Ins. Co., 207 F.3d 674, 678 (3d Cir. 2000). Therefore, resolution of Defendant's Motion to Dismiss requires an examination of the Complaint to ascertain whether it states a claim under ERISA § 502(a).

B. **Rule 12(b)(6) Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint for failure to state a claim upon which relief can be granted. When considering a Rule 12(b)(6)

motion, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). The inquiry, however, "is not whether plaintiffs will ultimately prevail in a trial on the merits, but whether they should be afforded an opportunity to offer evidence in support of their claims." In re Rockefeller Ctr. Prop., Inc., 311 F.3d 198, 215 (3d Cir. 2002).

The Supreme Court clarified the Rule 12(b)(6) standard in Bell Atlantic Corporation v. Twombly, 127 S.Ct. 1955 (2007). That case abrogated the rule established in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief." In contrast, Bell Atlantic, 127 S.Ct. at 1965, held that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Thus, the allegations in the complaint must be enough to "raise a reasonable expectation that discovery will reveal evidence of the necessary element," thereby justifying the advancement of "the case beyond the pleadings to the next stage of litigation." Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008).

Under this standard, it is clear that Plaintiff's states a claim. ERISA allows plan participants to bring a civil suit in order to recover benefits or enforce their rights under the terms of the plan. 29 U.S.C. § 1132(a)(1)(B). The Complaint alleges that Humana (1) referred Plaintiff to a dentist whose inadequate treatment caused him to suffer three infections, (2) refused to reimburse costs incurred as a result of those infections, and (3) failed to respond to numerous telephone calls and letters regarding Plaintiff's benefits claim. (Compl. ¶¶ 2-4.) Drawing all reasonable inferences in favor of the Plaintiff, those facts give rise to a non-speculative right to

relief under ERISA § 502(a) and justify the advancement of this case beyond the pleadings.  See Bell Atlantic, 127 S.Ct. at 1965; Phillips, 515 F.3d at 234-35.

      Humana does not dispute that the allegations in the Complaint give rise to a cause of action under ERISA § 502(a).  Rather, their argument for dismissal appears to be premised wholly on the fact that Plaintiff's state law causes of action are pre-empted by ERISA.  See (Def.'s Br. in Supp. Mot. to Dismiss 3) ("Because ERISA expressly preempts [Plaintiff's] state and common law claims, [P]laintiff's [c]omplaint should be dismissed.").  In fact, Humana acknowledges that Plaintiff has a "permissible claim" under ERISA "for the recovery ... of the benefits allegedly due under the Plan."  (Def.'s Br. in Supp. Mot. to Dismiss 9.)  Since that claim was stated in the Complaint with sufficient particularity to satisfy the Rule 12(b)(6) pleading standard, it is hereby sustained.

## CONCLUSION

Drawing all reasonable inferences in favor of the Plaintiff, the facts alleged in the Complaint are sufficient to state a claim for relief under ERISA § 502(a).  Therefore, Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is denied.

The Court will enter an order implementing this opinion.

                                            *s/ Dickinson R. Debevoise*
                                            DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated: September 15, 2008